```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         COLUMBIA DIVISION
```

WARREN CURNUTT                    ]
    Petitioner,               ]
                              ]
v.                                ]   No. 1:11-0014
                              ]   Judge Sharp
BRUCE WESTBROOKS, WARDEN          ]
    Respondent.               ]


### M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the Turney Center Industrial Prison in Only, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Bruce Westbrooks, Warden of the facility, seeking a writ of habeas corpus.

### I. Background

On June 12, 2004, a jury in Giles County found the petitioner guilty of two counts of raping a child.[1] Docket Entry No.18-9 at pgs.60-63. For these crimes, the petitioner received consecutive fifteen (15) year sentences, for an aggregate sentence totaling thirty (30) years in prison.[2] Docket Entry No.18-1 at pgs.87-88.

---

[1] The victim was the ten year old daughter of petitioner's ex-girlfriend.

[2] Shortly before trial, the petitioner rejected a plea agreement of ten (10) years at 30%. Docket Entry No.18-14 at pg.105.

1

On direct appeal, the Tennessee Court of Criminal Appeals affirmed the convictions and sentences. Docket Entry No.18-12 at pgs.39-51. The Tennessee Supreme Court later denied the petitioner's application for further review. *Id.* at pg.67.

In March, 2008, the petitioner filed a *pro se* petition for state post-conviction relief in the Circuit Court of Giles County. Docket Entry No.18-13 at pgs.6-11. Following the appointment of counsel and an evidentiary hearing, the trial court denied the petition. *Id.* at pgs.37-41. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No.18-16 at pgs.51-61. The Tennessee Supreme Court once again declined the petitioner's request for additional review. *Id.* at pg.69.

## II. Procedural History

On February 23, 2011, the petitioner filed the instant petition for writ of habeas corpus. Docket Entry No.1. Giving the petition a liberal reading, it appears that the petitioner has set forth fourteen (14) claims for relief. These claims include :

    1)    trial counsel was ineffective when he
          a)    failed to "timely raise issues which prejudiced the defendant";
          b)    failed to call the petitioner to testify;
          c)    acted inappropriately in the courtroom, i.e., fell asleep;
          d)    neglected to file a motion to suppress statements made to the police;
          e)    failed to object to, or seek a curative instruction for, a

|   |   | potential juror's prejudicial statement; |
|---|---|---|
|   | f) | neglected to seek an instruction for the lesser included offenses of attempted child rape and child abuse; |
|   | g) | failed to request an election of offenses; |
|   | h) | did not object to the introduction of the petitioner's taped interrogation; |
|   | i) | failed to obtain a transcript of the petitioner's taped statements.[3] |

2) the trial court erred by not requiring the prosecution to make an election of offenses;

3) error occurred when petitioner's statement to the police was placed into evidence;

4) the jury pool was tainted;

5) the trial judge should have instructed the jury as to lesser included offenses; and

6) the evidence was insufficient to support the conviction.

Upon its receipt, the Court conducted a preliminary examination of the petition and determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No.3) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases.

Presently before the Court are the respondent's Answer (Docket Entry No.17), petitioner's Reply to the Answer (Docket Entry

---

[3] At trial, the petitioner was represented by Dennis Stack, a former member of the Giles County Bar. Stack was disbarred shortly after the petitioner's trial.

3

No.29), and respondent's Motion for Summary Judgment (Docket Entry No.33).

Upon consideration of these pleadings and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

### III. Analysis of the Claims

In his Reply to the Answer, the petitioner expresses his wish to withdraw the claim challenging the decision to allow his statements to the police into evidence (Claim No.3). Docket Entry No.29 at pg.14. The respondent has no objection to striking this claim. Docket Entry No.34 at pg.29. As a consequence, the petitioner's third claim is now deemed to be striken.

**A.) State Law Claim**

A petition for federal habeas corpus relief may only be granted when it is found that a citizen is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Thus, a claim that is based upon a perceived error or misapplication of state law will not normally be recognized as a actionable claim for federal habeas corpus relief. Lewis v. Jeffers, 497 U.S. 764,780 (1990). Of course, an issue involving the

admissibility of evidence or a question of state law will rise to the level of a federal constitutional violation if it appears that the alleged error was so egregious as to deny the petitioner a fundamentally fair trial. Estelle v.McGuire, 502 U.S. 62,67-68 (1991).

The petitioner asserts that the trial judge should have instructed the jury as to the lesser included offenses of attempted child rape and child abuse (Claim No.5). The Constitution, however, does not require a court to give a lesser included instruction in a non-capital case. Campbell v. Coyle, 260 F.3d 531,541 (6th Cir.2001). Thus, in the absence of any suggestion that the failure to instruct as to these lesser included offenses deprived the petitioner of a fundamentally fair trial, this claim arising from state law is not actionable.

**B.) Exhaustion/ Fairly Presented Claims**

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. 28 U.S.C. § 2254(b). While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Consequently, as a condition

precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his federal claims to every available level of the state court system. Rose v. Lundy, 455 U.S. 509, 518-20 (1982). Once his federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir. 1990). In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; *see also* Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

In order for a habeas petitioner to fairly present his constitutional claims to the state courts for exhaustion, he must present both the factual and legal bases for the claims

  (1) in reliance upon federal cases employing constitutional analysis;
  (2) in reliance upon state cases employing federal constitutional analysis;
  (3) phrasing the claim in terms of constitutional law; or
  (4) alleging facts well within the mainstream of constitutional law.

Whiting v. Burt, 395 F.3d 602,613 (6th Cir.2005).

The petitioner alleges that the trial judge erred by not requiring the prosecution to make an election of offenses (Claim No.2). This claim was raised in the state courts as an error arising "under our state constitution". Docket Entry No.18-12 at pgs.14-20. The claim was not offered to the state courts for

exhaustion as a violation of "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Therefore, this claim was not fairly presented to the state courts as a question of federal law. Since this claim was not properly exhausted, it will not support an award of federal habeas relief. 28 U.S.C. § 2254(b)(1)(A).

**C) Exhaustion/ Procedural Default**

During voir dire, a potential juror expressed his displeasure with the petitioner by stating that "I think he should be shot, and I could use my gun." Docket Entry No.18-3 at pg.27. The venireman was excused and did not serve on the jury. *Id.* at pg.29. Nevertheless, the petitioner believes that this statement tainted the jury in such a way as to deny him a fair trial (Claim No.4).

Defense counsel never requested that a curative instruction be given to the jury. For that reason, the state courts determined that this claim had been waived and would not address its underlying merit. Docket Entry No.18-12 at pg.47. Waiver of the claim constitutes a procedural default that can only be cured with a showing of cause and prejudice. In this instance, the petitioner has made no such showing. As a consequence, this claim does not provide a basis for habeas corpus relief.

According to the record, two of the petitioner's ineffective assistance claims (Claim Nos.1a and 1b) were deemed waived because they were raised for the first time in the state courts on appeal.

Docket Entry No.18-16 at pg.60. Six other ineffective assistance claims (Claim Nos.1d-i) were never raised in the state courts at any level. *Id.* at pg.4.

To properly satisfy the exhaustion requirement, a claim must be fairly presented to every available level of the state court system for consideration. Doctor v. Walters, 96 F.3d 675,678 (3rd Cir.1996). In the case of the ineffective assistance claims noted above, the petitioner has failed to do so. At this late date, it appears that state court remedies for these claims are no longer available. *See* Tenn. Code Ann. § 40-30-102(a) and (c). Therefore, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to these claims. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

The exhaustion of a claim via procedural default does not, however, automatically entitle a habeas petitioner to federal review of that claim. To prevent a federal habeas petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some

8

showing of actual prejudice resulting from the alleged constitutional violations. Gray v. Netherland, 518 U.S. 152, 162 (1996).

A habeas petitioner can not rely on conclusory assertions of cause and prejudice to overcome the adverse effects of a procedural default. Rather, he must present affirmative evidence or argument as to the precise cause and prejudice produced. Lundgren v. Mitchell, 440 F.3d 754, 764 (6th Cir.2006). To demonstrate cause, the petitioner must show that an objective factor external to the defense interfered with his ability to comply with the state procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). To establish prejudice, there must be a showing that the trial was infected with constitutional error. United States v. Frady, 456 U.S. 152, 170-72 (1982).

The petitioner alleges that his procedural defaults were due to the ineffectiveness of counsel. Docket Entry No.29 at pg.4. If the petitioner wishes to rely on the ineffectiveness of counsel to establish cause for not previously asserting the substantive claims at an earlier opportunity in the state courts, the ineffective assistance claim itself must have been raised and properly exhausted in the state courts as an independent claim. Edwards v. Carpenter, 529 U.S. 446,451-52 (2000). The petitioner has independently asserted that counsel was ineffective for failing to "timely raise issues which prejudiced the defendant" (Claim No.1a).

9

This claim, however, was deemed waived by the state courts. Docket Entry No.18-16 at pg.60. It can not, therefore, be used to establish cause.

In the absence of cause and prejudice sufficient to excuse the petitioner's procedural defaults, these claims will not support an award of habeas corpus relief. <u>Teague v. Lane</u>, 489 U.S. 288, 297-98 (1989)(denial of a claim is appropriate when the claim was not raised in the state appellate court for review).

**D.) Fully Exhausted Claims**

The petitioner's remaining claims, i.e., whether the evidence was sufficient (Claim No.6) and whether counsel's courtroom demeanor rose to the level of ineffective assistance (Claim No.1c), were fully litigated in the state courts on either direct or post-conviction review and were found to be lacking in merit. Docket Entry No.18-12 at pgs.50-51 (sufficiency of the evidence); Docket Entry No.18-16 at pgs.60-61 (ineffective assistance).

When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); <u>Nevers v. Killinger</u>, 169 F.3d 352, 357 (6th Cir.1999). In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United

States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). As a condition for obtaining habeas corpus relief, the petitioner must show that the state court's ruling on a fully exhausted claim was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement. Harrington v. Richter, 131 S.Ct. 770,786-87. In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. Williams, *supra* at 529 U.S. 389.

**i.) Sufficiency of the Evidence**

The right to due process guaranteed to us by the Constitution insures that no person will be made to suffer the onus of a criminal conviction except upon sufficient proof. Sufficient proof has been defined as the "evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 443 U.S. 307, 324 (1979). When weighing the sufficiency of the evidence to support a criminal

conviction, the Court must view the evidence in a light most favorable to the prosecution. *Id.*

The petitioner was convicted of two counts of child rape. At trial, the victim testified that, on two separate occasions, the petitioner used his penis to penetrate her "coochy". Docket Entry No.18-4 at pgs.24-42. The victim told her mother's best friend (Joyce Baker) that the petitioner had raped her. Docket Entry No.18-6 at pg.58. During an interview with a social worker (Lisa Dupree), the victim repeated her allegations against the petitioner. *Id.* at pgs.74-75.

A police investigator (Michael Chapman) twice interviewed the petitioner about the victim's allegations. Docket Entry No.18-15 at pgs.4-78. While the petitioner denied consciously having sex with the victim, he did admit that on a couple of occasions he woke up in bed with the victim in a state of erection. Docket Entry No.18-5 at pg.37. The petitioner also remembered an occasion when he woke up with the victim and noticed that her inner thighs were "sticky". Docket Entry No.18-6 at pg.8.

From this proof, any reasonable juror could have found that the petitioner had penetrated the minor female victim on at least two occasions. Therefore, the Court finds that there was sufficient evidence to support the convictions.

### ii.) Effective Assistance of Counsel

The petitioner's final claim is that counsel's courtroom

demeanor was so inappropriate as to render his assistance ineffective (Claim No.1c). More specifically, the petitioner claims that his attorney fell asleep during trial and that his attorney was battling drug and alcohol addiction prior to and during trial.

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. <u>McMann v. Richardson</u>, 397 U.S. 759, 771 (1970). To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense was so prejudiced by the deficiency as to render the trial unfair and the result unreliable. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 466 U.S. 690.

During a post-conviction evidentiary hearing, petitioner's attorney (Dennis Stack) had no memory of falling asleep during the trial. He did admit, though, that he had been disbarred shortly after the petitioner's trial and never practiced law again. Counsel was disbarred for ignoring his practice and for substance abuse, although he denied using any drugs during the petitioner's trial. Docket Entry No.18-14 at pgs.94-101. Counsel further testified that the petitioner was aware before trial that he had been in a drug rehabilitation program. *Id.* at pg.97.

13

The petitioner testified that counsel slept through portions of the trial. *Id.* at pgs.42-51. Co-counsel (Lucy Henson) confirmed that counsel has fallen asleep during at least two portions of the trial. *Id.* at pgs.145-146. The petitioner, however, never saw his attorney act intoxicated. *Id.* at pg.49. Nor did co-counsel see anything during trial that would suggest that petitioner's attorney was intoxicated. *Id.* at pg.145.

From the record, it does appear that petitioner's attorney did in fact fall asleep during trial. No citation of law is necessary to support the Court's finding that such behavior constitutes a deficiency in representation. Ineffective assistance of counsel, though, has two components. First, the petitioner must show a deficiency in representation. Once that is accomplished, he must then show in what way the deficiency prejudiced the defense. Strickland, *supra*.

The petitioner has not shown in what way his attorney's misconduct prejudiced the defense. The petitioner was represented by counsel and co-counsel at trial. Docket Entry No.18-14 at pg.43. While counsel may have fallen asleep, there is no assertion that the trial judge or the jury noticed this to the petitioner's detriment. Moreover, the petitioner testified that he did not believe that co-counsel had been ineffective. *Id.* at pg.57. When asked if he had any proof that the trial result would have been different had counsel not fallen asleep, the petitioner stated

"None, I don't guess." *Id.* at pg.92. Thus, while his attorney's misconduct was egregious, the petitioner has made no showing that the misconduct rose to the level of a constitutional violation. See Muniz v. Smith, 647 F.3d 619 (6th Cir.2011)(habeas petitioner was not prejudiced by counsel's deficient performance in falling asleep during trial and alleged use of cocaine).

### IV. Conclusion

The petitioner has offered no clear and convincing evidence to rebut the presumption of correctness that must be accorded the factual findings made by the state courts. 28 U.S.C. § 2254(e)(1). Nor has the petitioner demonstrated in what way the legal analysis of the state courts runs contrary to federal law. Accordingly, having carefully reviewed the record, it appears that the state court adjudication of petitioner's fully exhausted claims was neither contrary to nor an unreasonable application of federal law. As a consequence, the Court finds that the petitioner has failed to state a claim upon which habeas corpus relief can be granted.

An appropriate order will be entered.

_____
Kevin H. Sharp
United States District Judge